HOLLENS et, Plaintiffs-Appellees, v. MONSON et, Defendants-Appellants.

Ohio Appeals, Second District, Franklin County.

No. 4873.   Decided February 17, 1953.

Charles O. Weilbacher, Columbus, for plaintiffs-appellees.
Philip R. Bradley, Columbus, for defendants-appellants.

## OPINION

By THE COURT.

This is a law appeal from the Municipal Court of Columbus, which granted restitution to the plaintiff in an action in forcible detainer, and a money judgment for the use and occupancy of the premises.

The defendant-appellant raises several questions of law.  The appellant claims the court erred in not permitting counsel to ask a witness of the plaintiff whether he was present during the entire time of the conversation between the plaintiff and the defendant at the time the premises were rented.  An objection to this line of testimony was sustained on the ground that it was immaterial.  However, the record shows that the witness had already testified on cross-examination that he was present during the entire period of the conversation.  The ruling of the court on the second question put to the witness was not prejudicial.

Appellant contends that the court erred in not permitting him to introduce evidence relative to the nature of his military duties.  The defendant had testified that he had been relieved from active duty at the Wright-Patterson Air Force Base and had been assigned to Ohio State University to do postgraduate study and research in nuclear physics.  The court sustained an objection to a line of testimony in which counsel for the defendant attempted to present evidence in detail as to the defendant's duties at the Ohio State University.  In our opinion the ruling of the court was not prejudicial in view of the testimony already given.

Appellant contends that the court erred in refusing to stay the proceedings on the ground that the defendant was in military service and that under the Soldiers' and Sailors' Civil Relief Act the court should have exercised its discretion in favor of the defendant. The record shows that before any testimony was presented, the defendant filed a motion raising this question. The court stated that it preferred to hear all of the evidence before ruling on the motion. In giving judgment to the plaintiff the court was required to overrule the motion, although we find no specific ruling of the court on this matter. The court was required to exercise its discretion, on the facts presented, whether to sustain or overrule the motion. We cannot say that the trial court abused its discretion or that its ruling was contrary to the evidence or contrary to law.

There was a conflict in the evidence as to the duration of the rental term. The trial court resolved this issue in favor of the plaintiff. The judgment of the court is supported by ample evidence.

Finding no error in the record prejudicial to the rights of the defendant, the judgment is affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.